UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                              Criminal No. 16-cr-00157-LM
                                                      Opinion No. 2020 DNH 042

Leeland Eisenberg

**O R D E R**

Defendant pled guilty to one count of bank robbery and one count of possession of cocaine in February 2017. This court sentenced defendant to 60 months of imprisonment, three years of supervised released, and restitution in the amount of $1,160.00. Defendant is currently housed at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). He requests that the court transfer him to the Federal Medical Center in Devens, Massachusetts ("FMC Devens") for the remainder of his sentence so that he can receive appropriate medical care and monitoring of his heart condition. Probation filed a response to defendant's motion deferring to the Bureau of Prisons' ("BOP") judgment about defendant's placement. The government has filed no response. The court denies defendant's motion for the reasons explained below.

**BACKGROUND**

Defendant has experienced several massive heart attacks and other major cardiac episodes that have caused serious damage to

his heart.  He has a pacemaker and a defibrillator implanted in his chest to assist the functioning of his heart.  In January 2020, defendant suffered another cardiac episode while incarcerated at FCI Terre Haute.  He claims that he was provided inadequate medical care during that episode and that FCI Terre Haute is not equipped to closely monitor his condition.  Defendant also asserts that, following this recent episode, his physician informed him that he needs a heart transplant but that he would not be approved for one while incarcerated.

Defendant is scheduled to be released to a residential reentry center in September 2020.  His sentence will then expire in November 2020.  He requests that this court transfer him to FMC Devens based on his heart condition and the need for close monitoring of that condition.  In further support, he avers that he will ultimately be released to Massachusetts, so transferring him to FMC Devens would allow him to see his family and facilitate continuity of care for his condition after he is released.

## DISCUSSION

The legal basis of defendant's request is unclear; he cites no legal authority in support of his request for a transfer to FMC Devens to receive better medical care.  "Federal courts sometimes will ignore the legal label that a pro se litigant

attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003). A court may recharacterize a pro se litigant's request "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (citations omitted). Favorably construed, defendant's motion to transfer could be characterized as either a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a civil rights action based on inadequate medical care. However, as explained below, in either case, this court cannot grant defendant relief.

I.  Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

Defendant's motion could be construed as a request that he be afforded a less restrictive form of custody at FMC Devens. Such a request is a proper basis for a habeas petition under 28 U.S.C. § 2241. See Gonzalez-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010); see also Garcia v. Spaulding, 324 F. Supp. 3d 228, 234 (D. Mass. 2018) (concluding that litigant's request to serve civil commitment at civilian hospital rather than federal prison was proper § 2241 petition because it sought change in level of confinement). But a § 2241 petition may be

3

brought only in the district court with jurisdiction over the prisoner's custodian. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). Defendant is housed at FCI Terre Haute—outside of this court's jurisdiction. Thus, construing this suit as a habeas petition under § 2241, this court lacks jurisdiction to grant defendant's requested relief. See, e.g., Cameron v. United States, 506 F. Supp. 2d 92, 94 (D.P.R. 2007) (concluding that court lacked jurisdiction over § 2241 petition filed by prisoner incarcerated in out-of-state prison).

II. Civils Rights Action

Alternatively, defendant's motion could be construed as a civil rights action claiming that he has received inadequate medical treatment at FCI Terre Haute and seeking the injunctive relief of transfer to FMC Devens. "[I]f [defendant] is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law." Gonzalez-Fuentes, 607 F.3d at 873 (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)). A claim of inadequate medical treatment while in legal custody brought against federal actors is ordinarily brought as a civil rights suit for damages or injunctive relief pursuant to" Biven v. Six Unknown Named

4

Agents*, 403 U.S. 388 (1971). *Kamara v. Farquharson*, 2 F. Supp. 2d 81, 89 (D. Mass. 1998).

Even construing defendant's motion as a putative Bivens action, the court cannot grant relief because it lacks jurisdiction. See *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (holding, in suit by pro se prisoner, that court may sua sponte consider lack of personal jurisdiction when the defense is "obvious on the face of the complaint"). Defendant has not alleged any facts supporting this court's exercise of personal jurisdiction over the Indiana prison medical professionals who allegedly failed to provide him adequate medical care, or the Indiana prison officials who have the power to transfer him to another facility. See *Banks v. Partyka*, No. CIV-07-0331-F, 2007 WL 2693180, at *5-6 (W.D. Okla. Sept. 11, 2007) (dismissing pro se prisoner's Bivens action against North Carolina prison psychologist because court lacked personal jurisdiction over defendant). This court therefore lacks jurisdiction to grant relief on defendant's putative Bivens action for inadequate medical care.

In sum, whether defendant's motion is construed as a § 2241 habeas petition or a Bivens action, the court lacks jurisdiction to grant defendant the relief he seeks. The court notes that, in response to defendant's motion, the Probation Office notified the court that the BOP is currently reassessing defendant's

medical classification to determine whether transfer to a different facility is appropriate.  It is therefore possible that defendant will obtain his requested relief as a result of BOP's reassessment.[1]

**CONCLUSION**

For the foregoing reasons, this court lacks jurisdiction to grant defendant's requested relief.  The court therefore denies defendant's motion for a transfer to FMC Devens (doc. no. 31) without prejudice to his refiling in the United States District Court for the Southern District of Indiana.[2]

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 19, 2020

cc: Leiland Eisesnberg, pro se
    Counsel of Record
    U.S. Probation
    U.S. Marshal

---

[1] In the interim, the BOP has moved defendant to a cell that is closer to the medical unit.

[2] The court finds the record insufficient to warrant a transfer under 28 U.S.C. § 1631.