UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                     Criminal No. 16-cr-157-LM
                                              Opinion No. 2020 DNH 057

<u>Leeland Eisenberg</u>

# **O R D E R**

Defendant pled guilty to one count of bank robbery and one count of possession of cocaine in February 2017. This court sentenced defendant to 60 months of imprisonment, three years of supervised released, and restitution in the amount of $1,160.00. Defendant is currently housed at the Federal Correctional Institution in Terre Haute, Indiana. He moves on an expedited basis for his compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to his worsening medical condition. The government has filed no response. Because defendant has not shown that he exhausted his administrative remedies prior to filing this motion, the court denies his motion without prejudice.

**STANDARD OF REVIEW**

A court may grant so-called "compassionate release" to a defendant under 18 U.S.C. § 3582(c)(1)(A). That statute provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau
> of Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative
> rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request by the
> warden of the defendant's facility, whichever is
> earlier, may reduce the term of imprisonment . . .
> after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if it
> finds that--
>    (i) extraordinary and compelling reasons warrant
>    such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A). Thus, a defendant may directly petition the district court for compassionate release only if he has either: (1) fully exhausted all administrative rights to appeal the Bureau of Prison's ("BOP") failure to bring a compassionate release motion on his behalf; or (2) filed a request for compassionate release with BOP and BOP failed to respond within 30 days. 18 U.S.C. § 3582(c)(1)(A); see also, e.g., United States v. Nance, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020); United States v. Bolino, No. 06-CR-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (collecting cases). The defendant has the burden of showing that he is entitled to a sentence reduction. United States v. Ebbers, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

**BACKGROUND**

Defendant has experienced several massive heart attacks and other major cardiac episodes that have caused serious damage to his heart. While incarcerated, he has suffered four heart attacks and had two stents, a pacemaker, and a defibrillator implanted. In January 2020, defendant suffered another cardiac episode and was taken to a local hospital for emergency medical care. He claims that his treating physician told him that he needs a heart transplant but that he would not be approved for one while incarcerated.

More recently, on March 20, 2020, defendant suffered a "near death" cardiac event during which his heart stopped five times. Defendant asserts that after this episode, his treating physicians told him that his heart is severely damaged, has greatly reduced functionality, and that his heart could stop beating at any time. Defendant contends that if released, he would have access to medical treatment not available at the prison that could sustain and prolong his life, including a heart transplant. He therefore requests that this court grant his request for compassionate release on an expedited basis.

**DISCUSSION**

As explained above, before a district court may consider a compassionate release motion filed directly by a defendant, the defendant must demonstrate that he has either exhausted his administrative rights to appeal BOP's refusal to bring a motion for compassionate release on his behalf or that BOP has ignored his request for compassionate release for 30 days. See 18 U.S.C. § 3582(c)(1)(A). Defendant has failed to show that he has satisfied either of these prerequisites to requesting compassionate release.

First, defendant has not shown that he has exhausted his administrative right to appeal BOP's failure to bring a compassionate release motion on his behalf. Defendant states in support of his motion that he "has repeatedly sought administrative remedies ALL of which have been DENIED." Doc. no. 33-1 at 3. He also submits documentation evidencing his efforts. That documentation shows that in February 2020 he twice requested that BOP transfer him to Federal Medical Center Devens in Ayers, Massachusetts, so that he could receive appropriate cardiac care until his release date. See doc. no. 33-3 at 3-4. Those requests asked for a transfer, not release.

4

Both requests were denied.[1]  On March 25, 2020, defendant filed a request for compassionate release with BOP based on the deterioration of his heart condition.  Doc. no. 33-3 at 5-6.  But defendant has not offered any evidence that BOP has, as of yet, denied that request and refused to file a motion for compassionate release in this court on his behalf.

Even if the court were to assume that BOP denied his request, defendant has not shown that he has pursued and exhausted administrative appeals of that decision in accord with BOP's Administrative Remedy Procedure.  See Bolino, 2020 WL 32461, at *1.  Specifically, once the prison warden denies his request, he must appeal within the appropriate timeframe to the Regional Director, and if that appeal is denied, he must appeal again to the General Counsel to receive a final administrative decision.  See 28 C.F.R. § 571.63(a); 28 C.F.R. § 542.15(a).[2]

---

[1] Defendant has also requested similar relief from this court on multiple occasions.  In August 2019, the court denied defendant's request that he serve the final twelve months of his sentence at a halfway house in Massachusetts (doc. no. 28).  And in March 2020, the court denied defendant's request to be transferred to Federal Medical Center Devens in Massachusetts in order to receive better care for his heart condition (doc. no. 32).

[2] See also U.S. Dept. of Justice, Fed. Bureau of Prisons Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582 and 4205(g), (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Second, defendant has not shown that BOP has failed to respond to his request for compassionate release for 30 days. See 18 U.S.C. § 3582(c)(1)(A). Given that he just filed his request on March 25, this alternative avenue for exhaustion will not be available to him until April 24, 2020. Under these circumstances, the court must find that defendant has failed to exhaust his administrative remedies prior to filing this motion. See, e.g., Bolino, 2020 WL 32461, at *1 (denying motion for compassionate release when defendant represented that he had exhausted all administrative remedies but submitted no proof of exhaustion).

The court has reviewed defendant's submissions carefully. If defendant exhausts his administrative remedies in accord with 18 U.S.C. § 3582(c)(1)(A) and refiles a properly supported motion, the court will review his request on an expedited basis. Defendant has represented that his heart condition is life-threatening and expected to continue to deteriorate. If true, this medical condition would qualify as an extraordinary and compelling reason supporting his release. See U.S.S.G. § 1B1.13, App. Note (1)(A) (defining medical condition that qualifies as extraordinary and compelling reason as including a terminal illness, such as end-stage organ disease, or a serious medical condition that substantially diminishes defendant's

6

ability to provide self-care in prison and from which he is not expected to recover).³  The court must, however, also consider the factors under 18 U.S.C. § 3553(a), which would weigh against early release.  See 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of § 3553(a) factors to the extent applicable); U.S.S.G. § 1B1.13(2) (requiring that the court find that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)").

In the interim, defendant may receive relief from BOP in light of the Attorney General's recent memorandum encouraging the release of prisoners at high risk for complications from the COVID-19 virus who are eligible for home confinement.⁴

**CONCLUSION**

For the foregoing reasons, the court finds that defendant has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).  The court therefore denies

---

³ Defendant has submitted some medical records in support of his motion as well as an affidavit signed under the pains and penalties of perjury.  The medical records are not, however, the most recent records from his March 2020 episode and do not appear to include a plan for his care or prognosis.

⁴ See Atty. Gen. William Barr, Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.

defendant's motion for compassionate release (doc. no. 33) without prejudice to his refiling after he exhausts his administrative remedies.

    SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 9, 2020

cc:   Leeland Eisenberg, pro se
      Counsel of Record
      U.S. Probation
      U.S. Marshal